Mariano **MEDINA,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6–88–062–CR.

Court of Appeals of Texas, Texarkana.

April 11, 1989.

Stanley C. Kirk, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County Courthouse, Houston, for appellee.

CORNELIUS, Chief Justice.

Mariano Medina was convicted of murder and sentenced to twenty years' confinement. In three points of error, he alleges that a new trial is required because the punishment phase of his trial was held before the court without a written jury waiver in violation of Tex.Code Crim.Proc. Ann. art. 1.13 (Vernon 1977), and because the trial court erred in overruling his hearsay objection to the State's bolstering of a witness' identification testimony. We overrule these points and affirm the judgment.

On August 6, 1986, Sherry Morales saw Medina outside her window drinking and holding a gun. He left with another person in a late model blue Ford. About ten minutes after they left, she heard four or five gunshots, then Medina returned alone. Two other witnesses heard the gunshots and saw Medina firing a gun. One of the witnesses then saw Pablo Rodriguez in a pool of blood. He had been shot four times. Medina offered no evidence. After the jury returned a guilty verdict, the punishment phase was tried to the court. The State reoffered its evidence, and Medina testified in his own behalf.

Medina admitted that he shot Rodriguez. He believed Rodriguez had burglarized his apartment and claimed he had previously threatened to kill him and his wife. Rodri-guez reiterated the threat immediately before Medina shot him.

Medina alleges that his conviction is void because the punishment phase was tried to the court without a written jury waiver. Article 1.13 provides:

The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.

After the jury was selected and before the testimony began, Medina testified to the following, outside the presence of the jury:

Q. Is it also true that you and I have discussed that we would like for the judge to sentence you in this case?

A. Yes.

Q. Did I discuss with you the fact that if you were found guilty and that we would go to the judge, to the court for punishment, that the judge is unable legally to give you probation?

A. Yes.

Q. And is that your desire?

A. Yes, that's okay.

Although Medina had a jury trial on the guilt/innocence phase, he now contends that a written waiver in compliance with Article 1.13 must be on file for the punishment phase also. Our Court of Criminal Appeals has recently held to the contrary. *Martin v. State*, 753 S.W.2d 384 (Tex.Crim. App.1988).

It is well settled that the constitutional right of trial by jury does not encompass the right to have a jury assess punishment. *Bullard v. State*, 548 S.W.2d 13 (Tex.Crim. App.1977).

Medina also alleges that the trial court erred in overruling his hearsay objection to the State's bolstering of a witness' identification.

After the State had presented the uncontradicted testimony of two identification witnesses, it offered the testimony of an officer who was present at the photographic lineup. The officer restated that the two witnesses had identified Medina. Defense counsel made a hearsay objection to the testimony.

The admission of the testimony was error, *Sledge v. State*, 686 S.W.2d 127 (Tex. Crim.App.1984), but it has been waived. At the punishment phase, Medina took the stand and admitted his guilt. His testimony waived any error committed at the guilt-innocence phase of the trial. *DeGarmo v. State*, 691 S.W.2d 657, 660 (Tex.Crim.App.), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985).

The judgment of the trial court is affirmed.