

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00044-CR

JAMIE LEE BLEDSOE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 12-0374X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

In a case previously appealed, a jury had found Jamie Lee Bledsoe guilty of burglary of a building (a state jail felony) enhanced to a second degree felony range of punishment by two prior felony convictions.[1]  However, instead of enhancing the punishment range, the judgment of conviction showed that Bledsoe was convicted of a second degree felony, and he was sentenced to twenty years' confinement.  On appeal, this Court modified the judgment to reflect the actual situation:  that Bledsoe had been convicted of a state jail felony, with the punishment enhanced to the level of a second degree felony.  *Bledsoe v. State*, 480 S.W.3d 638, 639 (Tex. App.—Texarkana 2015, pet. ref'd).  In that opinion, we pointed out that "[d]espite the increase in the severity of the penalties which result, statutes enhancing punishment ranges for the primary offense do 'not increase the severity level or grade of the primary offense.'"  *Id.* at 639 n.5 (quoting *Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011)); *see also Ex parte Reinke*, 370 S.W.3d 387, 389 (Tex. Crim. App. 2012).  The trial court conducted a new punishment hearing on remand and, in the judgment of conviction, once again recited that Bledsoe had been convicted of a second degree felony, but sentenced him this time to confinement for eight years.

On appeal, Bledsoe argues that (1) the judgment should be modified to reflect a conviction for a state jail felony and not a second degree felony, (2) the State violated his right to a jury trial on punishment, and (3) the State's use of different felony enhancement convictions constituted double jeopardy.

---

[1]TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(1) (West 2011) (burglary of a building), § 12.42(a) (West Supp. 2016) (punishment for a state jail felony can be enhanced if prior offenses are proven).

We modify the judgment to reflect a conviction for a state jail felony and affirm the judgment, as modified.

## I.  We Modify the Judgment to Reflect a Conviction for a State Jail Felony

In his first point of error, Bledsoe argues that the judgment should be modified because it erroneously states that he was convicted of a second degree felony.  The State concurs with this point.

Bledsoe was convicted of burglary of a building, a state jail felony.  *See* TEX. PENAL CODE ANN. § 30.02(c)(1).  However, as previously stated, the judgment of conviction incorrectly lists the degree of offense as a second degree felony.  Under Section 12.425 of the Texas Penal Code, Bledsoe's punishment range was enhanced due to two prior felony convictions, but statutes enhancing punishment ranges for the primary offense do not increase or alter the grade of the primary offense.  *Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011).  The Texas Rules of Appellate Procedure give this Court authority to modify judgments and correct typographical errors to make the record speak the truth.  TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Land v. State*, 291 S.W.3d 23, 31 (Tex. App.—Texarkana 2009, pet. ref'd).  We, therefore, modify the judgment to reflect the correct degree of the offense as a state jail felony.

## II.  The State Did Not Violate Bledsoe's Right to Trial by Jury

In his second point of error, Bledsoe contends that his right to have a jury trial on punishment was violated.

The Texas Code of Criminal Procedure provides, in accord with both the Federal and the State Constitutions, that a defendant has the right of trial by jury. TEX. CODE CRIM. PROC. ANN. art. 1.12 (West 2005). As to waiving one's right to trial by jury, Article 1.13(a) provides:

> The defendant in a criminal prosecution for any offense other than a capital felony case in which the state notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by Article 27.19, the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the state shall be in writing, signed by that attorney, and filed in the papers of the cause before the defendant enters the defendant's plea.

TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (West Supp. 2016). Bledsoe argues that Article 1.13(a)'s requirement that a waiver must be signed and made in person is equally applicable to the punishment phase of the trial; he thus maintains that his rights were violated because there is no such waiver in the record.

In this case, after remand for a new trial on punishment, a jury was empaneled and qualified by the court, excuses for exemptions from jury service were entertained, and a recess was taken. At that time, neither party had commenced to conduct voir dire. Although the record is not clear as to the disposition of the jury at that point, when the court reconvened, the jury panel did not return to the courtroom, and the case proceeded to a punishment hearing to the bench, with the trial court finding the State's enhancement allegations to be true and sentencing Bledsoe to eight years' confinement. The record contains no written waiver of Bledsoe's right to have his punishment determined by a jury.

4

It is well-settled law that a defendant's constitutional right to a trial by jury does not include the right to have a jury assess punishment. *Martin v. State*, 753 S.W.2d 384, 389 (Tex. Crim. App. 1988); *Bullard v. State*, 548 S.W.2d 13 (Tex. Crim. App. 1977), *superseded by statute on other grounds*; *Medina v. State*, 770 S.W.2d 54, 55 (Tex. App.—Texarkana 1989, no pet.). Accordingly, Bledsoe's argument that his constitutional rights are implicated in this instance is without merit. In Texas, having a jury determine punishment is a statutory right. *Martin*, 753 S.W.2d at 388–89. In order to avoid forfeiture of the statutory right, a defendant must complain at trial or in a motion for new trial. TEX. R. APP. P. 33.1(a)(1); *see Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001) (defendant must object to preserve argument that his right to separate punishment hearing was violated). In the case now before us, even though it appears that Bledsoe had initially elected to have the jury assess his punishment, the trial court (not a jury) ultimately heard the evidence and assessed punishment. Because no objection was raised by either party at trial or through a motion for new trial, "it is presumed that the appellant agreed that the trial judge should assess the punishment"; therefore, this issue was not preserved for our review. *Hackey v. State*, 500 S.W.2d 520, 521 (Tex. Crim. App. 1973).

Even had Bledsoe's argument been preserved, well-established caselaw renders it ineffective. Here, Bledsoe argued that a separate signed and written waiver (such as required under Article 1.13(a) of the Texas Code of Criminal Procedure) must be on file for the punishment phase. However, the provisions of Article 1.13 only "pertain to the guilt-innocence phase of the trial . . . and these provisions have never been interpreted to apply to the punishment phase of a trial." *Martin*, 753 S.W.2d 383; *see Medina*, 770 S.W.2d at 55.

5

**III.     Bledsoe Was Not in Danger of Double Jeopardy**

In Bledsoe's first trial, the State alleged prior convictions for burglary of a building and possession of a controlled substance to enhance Bledsoe's available punishment range. On appeal, this Court modified the judgment and reversed the case for a new trial on punishment due to the erroneous use of a state jail felony for enhancement purposes. On remand, the State's enhancement paragraphs alleged different felony convictions than those used in the first trial, namely, theft and escape. In his final point of error, Bledsoe argues that the State's use of different enhancement felonies than those alleged in his prior trial on punishment constituted double jeopardy.

The application of double jeopardy is an issue of law, and we review legal issues de novo. *See Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); *In re Hunter*, 256 S.W.3d 900 (Tex. App.—Texarkana 2008, orig. proceeding).

A similar issue was addressed by the United States Supreme Court in *Lockhart v. Nelson*, where, in a habeas corpus case, a federal district court held that a prior conviction offered by the State of Arkansas could not be used to support an enhancement allegation because the offense had been pardoned. *Lockhart v. Nelson*, 488 U.S. 33, 36 (1988). On remand, the state notified the defendant of its intention to resentence him as a habitual offender, using a conviction that was not offered or admitted during the prior sentencing hearing. *Id.* at 37. The Supreme Court held that the state's subsequent use of a different conviction to prove habitual status did not constitute a double jeopardy violation. *Id.* at 41–42.

The facts of this case are quite similar to those of *Lockhart*. Here, this Court remanded the case for a new trial on punishment because one of the alleged prior offenses could not be used for

enhancement purposes, and on remand, the State's enhancement paragraphs alleged different prior offenses than those which had been previously alleged in the first trial. Based on the Supreme Court's holding in *Lockhart*, we find that the State's use of different enhancement convictions did not constitute a double jeopardy violation. *Id.* We overrule this point of error.

Accordingly, we modify the judgment of conviction to reflect that Bledsoe was convicted of the state jail felony of burglary of a building, but that the penalty for that offense is enhanced to the level of a second degree felony. We affirm the judgment of conviction, as modified.

Bailey C. Moseley
Justice

Date Submitted:     September 15, 2016
Date Decided:       October 14, 2016

Do Not Publish