

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00213-CR

ANTHONY DAVID LEE LEONING, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 28,384-C, Honorable Ana Estevez, Presiding

December 2, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant Anthony David Lee Leoning appeals his conviction for aggravated robbery. Through five issues, he contends that 1) the trial court erred by denying him a mistrial, 2) he was denied a jury trial during the punishment phase, 3) the trial court erred in admitting a recording of a phone conversation made while in jail, 4) the trial court erred in its jury charge, and 5) the judgment should be reformed to correctly reflect that court costs were waived. We modify the trial court's judgment and affirm it as modified.

*Issue One – Denial of Mistrial*

In his first issue, appellant contends the trial court abused its discretion by denying his motion for a mistrial. He believed himself entitled to such relief because the prosecutor "blatantly and deliberate[ly] violated the Court's *limine* ruling by discussing matters in her opening statement covered by the court's ruling[.]" The matter broached apparently consisted of a reference to appellant's mother believing appellant was again using drugs and appellant's employer discovering a "syringe." Appellant's employer happened to be the victim of the robbery. We overrule the issue for several reasons.

First, the complaint was not preserved for review. Appellant was obligated to timely object to the purported misconduct. A timely objection is one made at the earliest opportunity. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Mathis v. State*, No. 06-18-00189-CR, 2019 Tex. App. LEXIS 3952, at *2 (Tex. App.—Texarkana May 16, 2019, pet. ref'd) (mem. op., not designated for publication). Before the prosecutor at bar mentioned anything about a syringe, she told the jury that appellant's mother "thinks [appellant is] back to using drugs again." This triggered no objection from appellant. Nor did appellant object when the prosecutor continued with: "[w]ell, shortly after that, Barry goes to one of the jobsites where he had left [appellant] there by himself. And he sees a syringe." Only after the prosecutor followed that statement with "[a]nd he goes out to the truck and when he comes back, the syringe is gone" was an objection uttered.

If appellant's complaint concerns the interjection of drugs into the fray, an objection should have been uttered when the prosecutor initially alluded to appellant's mother believing her son was "back to using drugs." If appellant's complaint actually concerns the use of the word "syringe," the earliest opportunity at which he could and should have

objected was when reference was made to the employer (Barry) arriving at a jobsite and "see[ing] a syringe." By not objecting at either instance, he failed to preserve his complaint about the improper argument. *See Davis v. State*, 329 S.W.3d 798, 823 (Tex. Crim. App. 2010) (holding that the complaint was not preserved because "[d]efense counsel failed to object the first time the prosecutor argued that appellant was a con man who spent four hours on the stand"); *see Barnes v. State*, 70 S.W.3d 294, 307-08 (Tex. App.—Fort Worth 2002, pet. ref'd) (stating that preserving jury argument error requires a contemporaneous objection each time the objectionable jury argument is made).

To the extent error was preserved because the trial court ultimately sustained the objection but denied mistrial, we say the following. Granting a mistrial should be done sparingly for it is an exceedingly uncommon remedy. *Id.* at 309. Furthermore, an instruction to disregard the argument normally cures any prejudice arising from it. *Id.*; *Mills v. State*, No. 07-08-0348-CR, 2009 Tex. App. LEXIS 8038, at *4-5 (Tex. App.— Amarillo Oct. 14, 2009, no pet.) (mem. op., not designated for publication). More must be done, though, when the argument is extreme or manifestly improper, interjected new and harmful facts, or violated statutory edict and was so inflammatory that an instruction to disregard could not cure the prejudice. *Barnes,* 70 S.W.3d at 309. Here, the trial court acted quickly when appellant finally objected. It removed the jury, discussed the matter with the litigants, recalled the jury, and instructed the body to disregard the prosecutor's "last few" sentences. Though appellant categorizes the instruction as too vague, we cannot fault the trial court for not directing the jurors' attention to the specific argument deemed objectionable. That would only highlight the supposed prejudice appellant sought to avoid. And given the context of the argument and the prosecutor's apparent

3

decision to forgo additional comment about drugs, we cannot say that its reference to appellant using drugs was so inflammatory as to avoid correction via an instruction to disregard.

*Issue Two – Right to a Jury Trial*

In his second issue, appellant contends he is entitled to a new trial on punishment. He believes himself entitled to same because he filed no written waiver conforming to the dictates of art. 1.13 of the Texas Code of Criminal Procedure. Thus, his trial counsel's representation that he wanted the court to assess punishment was ineffective. We overrule the issue for several reasons.

First, appellant did not complain when the trial court assumed the task of evaluating and assessing punishment. Rather, he asked the court to do just what it did. He cannot now complain of error he invited. *See Padon v. State*, No. 03-17-00695-CR, 2019 Tex. App. LEXIS 8455, at *22-23 (Tex. App.—Austin Sept. 20, 2019, no pet.) (op. on reh'g) (mem. op., not designated for publication). Second, by failing to object when the trial court assumed the task, appellant also failed to preserve his complaint. *See Green v. State*, No. 04-17-00351-CR, 2018 Tex. App. LEXIS 4708, at *7-8 (Tex. App.— San Antonio June 27, 2018, no pet.) (mem. op., not designated for publication); *see also Hackey v. State*, 500 S.W.2d 520, 521 (Tex. Crim. App. 1973) (holding that because no one objected to the court assessing punishment it is presumed they agreed to it). Third, because the right to have a jury assess punishment is statutory, as opposed to constitutional, it is subject to waiver, contrary to appellant's contention. *Green,* 2018 Tex. App. LEXIS 4708, at *7. Fourth, the authority cited by appellant purportedly supporting his proposition that art. 1.13 applies to the punishment phase of the trial actually says

4

otherwise. *Medina v. State*, 770 S.W.2d 54, 55 (Tex. App.—Texarkana 1989, no pet.) (stating that "[a]lthough Medina had a jury trial on the guilt/innocence phase, he now contends that a written waiver in compliance with Article 1.13 must be on file for the punishment phase also. Our Court of Criminal Appeals has recently held to the contrary."); *accord Raby v. State*, No. 09-04-120-CR, 2005 Tex. App. LEXIS 2380, at *6 (Tex. App.—Beaumont Mar. 30, 2005, pet. dism'd) (mem. op.) (holding that art. 1.13 does not apply when the defendant elects not to have a jury assess punishment).

### *Issue Three – Admission of a Jail Call*

By his third issue, appellant complains that the trial court erred in admitting a recording of a conversation he had with his mother which call was placed from jail. Allegedly, the recording was irrelevant under Rule of Evidence 401, constituted improper extraneous evidence under Rule 404(b), and was subject to exclusion under Rule 403 given its highly prejudicial effect. We overrule the issue.

The recording depicted appellant developing a plan to induce the District Attorney to dismiss the criminal charges then pending against him. Per the plan, he instructed his mother to find his employer's bank account number and then draft a letter purportedly from his employer. Then:

> I want you to produce a letter going to you coming from him, telling you that he's sorry about what happened to your son but because . . . I threatened him . . . to tell his parents and his son about the stuff that he was doing with the dope and prostitutions and everything else, he had to do what he do [sic] to eliminate the problem, which was get rid of me. But if you'll deposit ten thousand dollars into this account number right here, he'll drop the charges. And then put his name on there.

Appellant believed that these actions would "taint the case and they'll have no choice but to throw it out."

Regarding Rule 401 and relevance,[1] a rational fact-finder may consider untruthful statements uttered by an accused as affirmative evidence of the accused's guilt. *Padilla v. State*, 326 S.W.3d 195, 201 (Tex. Crim. App. 2010). Such evinces a consciousness of guilt and is relevant. *Johnson v. State*, 425 S.W.3d 344, 346 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Inducing another to contrive falsehoods about the bona fides of one's accuser can be viewed as evidence of a consciousness of guilt. Consequently, a trial court could reasonably deem it relevant.

Regarding Rule 404(b),[2] "criminal acts . . . designed to reduce the likelihood of prosecution, conviction, or incarceration for the offense on trial are admissible under Rule 404(b) as showing 'consciousness of guilt.'" *Ransom v. State*, 920 S.W.2d 288, 299 (Tex. Crim. App. 1996) (op. on reh'g); *Sandoval v. State*, No. 07-10-00471-CR, 2011 Tex. App. LEXIS 5971, at *11-12 (Tex. App.—Amarillo Aug. 1, 2011, pet. ref'd) (mem. op., not designated for publication). The recording captured such acts on the part of appellant, or at least the trial court could have reasonably concluded. Thus, it was admissible under Rule 404(b). *See Sandoval,* 2011 Tex. App. LEXIS 5971, at *12–13, (holding admissible a defendant's letters asking others to make false statements to police or to find others who would provide apparently false alibi testimony).

---

[1] Texas Rule of Evidence 401 states: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." TEX. R. EVID. 401 (a), (b).

[2] Texas Rule of Evidence 404(b)(1) states: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1).

As for Rule 403,[3] it not only favors the admission of relevant evidence but also carries a presumption that relevant evidence will be more probative than prejudicial. *Young v. State*, 283 S.W.3d 854, 876 (Tex. Crim. App. 2009). So too does it envision the exclusion of evidence only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value. *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009). Furthermore, evidence of one's consciousness of guilt "is perhaps one of the strongest kinds of evidence of guilt." *Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.). Indeed, in many ways it could be viewed as an implicit confession since the guilty have more reason to deceive to avoid conviction than the innocent.[4] Given this, the court's instruction informing the jury that it may consider the evidence only as consciousness of guilt, and the State's redaction from the recording of extraneous matter, we cannot say that the trial court abused its discretion in overruling appellant's 403 complaint.

*Issue Four – Charge Error*

Appellant's fourth issue pertains to the purposes for which extraneous offenses or evidence of bad acts could be considered by the jury. That is, the trial court instructed the jury in its charge that such could be considered only for limited purposes. However, it did not limit those purposes to the ones appellant thought applicable. Those thought inapplicable but nonetheless included were "motive, opportunity, intent, preparation, plan,

---

[3] Texas Rule of Evidence 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403.

[4] ". . . the truth will set you free." *John* 8:32.

7

knowledge, identity, or absence of mistake or accident." He wanted the purpose to be limited to consciousness of guilt. We overrule the issue.

The purportedly inapplicable purposes are actually included in Rule 404(b). That is, evidence of extraneous crimes, wrongs, or bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b)(2). When those purposes accompany the initial purpose for which the evidence was admitted, no error occurs. This is so because the additional language is mere surplusage that the jury may disregard as irrelevant. *Brown v. State*, No. 01-11-00462-CR, 2012 Tex. App. LEXIS 4150, at *19-20 (Tex. App.—Houston [1st Dist.] May 24, 2012, no pet.) (mem. op., not designated for publication). While the jury charge is not as narrowly tailored as it could have been, it nevertheless properly instructs the jury to consider the extraneous offense evidence for only the purposes permitted by Rule 404(b), so long as one of the named purposes actually was in play at trial. *Id.; accord Anderson v. State,* No. 04-15-00573-CR, 2016 Tex. App. LEXIS 7386, at *8-9 (Tex. App.—San Antonio July 13, 2016, pet. ref'd) (mem. op., not designated for publication) (holding the same); *Bailey v. State*, No. 10-11-00437-CR, 2012 Tex. App. LEXIS 8593, at *19-21(Tex. App.—Waco Oct. 11, 2012, no pet.) (mem. op., not designated for publication) (holding the same).

Here, the charge included "consciousness of guilt" as one of the purposes for which the extraneous evidence could be considered. Since that purpose was in play at trial, as we discussed above, the trial court did not err by also including those mentioned in Rule 404(b)(2).

*Issue Five – Costs*

In his fifth issue, appellant argues that the Judgment's Article 42.15 addendum contains inconsistent provisions and should be "modified such that the section under 'Court Costs' . . . read[s] 'WAIVED BY THE COURT.'" The State agrees. Consequently, we modify the trial court's judgment so that the section under "Court Costs" reads "WAIVED BY THE COURT."

The judgment is affirmed as modified.

Per Curiam

Do not publish.