

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00224-CR

_____


JEFFERY WADE GORDON, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 369th District Court
Cherokee County, Texas
Trial Court No. 20946



Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

A Cherokee County jury convicted Jeffery Wayne Gordon of possession of less than one gram of methamphetamine, a state jail felony.[1]  After Gordon pled true to the State's punishment enhancement allegations, he was sentenced to twenty years' incarceration and was ordered to pay $2,790.00 for his court-appointed counsel and an unspecified amount of restitution to the Texas Department of Public Safety (DPS).  Gordon appeals.[2]

## I.  There Is No Reversible Error

Gordon's attorney on appeal has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised.  The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings.  Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.  *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On February 5, 2020, counsel mailed to Gordon copies of the brief, the appellate record, and the motion to withdraw.  Gordon was informed of his right to review the record and file a pro se response.  By letter dated February 14, this Court informed Gordon that any pro se response

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.  We follow the precedent of the Twelfth Court of Appeals in deciding this case.  *See* TEX. R. APP. P. 41.3.

was due on or before March 16. On March 30, this Court further informed Gordon that the case would be set for submission on the briefs on April 20. We received neither a pro se response from Gordon nor a motion requesting an extension of time in which to file such a response.

We have independently reviewed the entire appellate record and, like counsel, have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Even so, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). Here, we must modify the trial court's judgment to reflect the proper degree of offense, by deleting the order to pay attorney fees, and by deleting the reference to pay restitution to the DPS. We also modify the clerk's bill of costs by deleting the attorney fees and fees for the court-appointed investigator.

## II. We Delete the Assessment of Attorney Fees Because Gordon Is Indigent

Because the trial court found Gordon indigent, he was presumed to remain indigent absent proof of a material change in his circumstances. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd). That said, the trial court, which also found Gordan indigent after trial for purposes of appeal, assessed $2,790.00 in attorney fees against him.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable the defendant to offset in part or in whole the

costs of the legal services provided . . . , including any expenses and costs."  TEX. CODE CRIM. PROC. ANN. art. 26.05(g).  "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided.  *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).  Since there is no finding of the ability of Gordan to pay them, the assessment of the attorney fees was erroneous.  *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

We modify the trial court's judgment and bill of costs by deleting the assessment of $2,790.00 for attorney fees.

## III.    We Modify the Judgment to State the Proper Degree of Offense

Possession of less than one gram of methamphetamine is a state jail felony.  TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).  As a result of the State's punishment enhancement allegations, Gordon's state jail felony became punishable as a second-degree felony.  *See* TEX. PENAL CODE ANN. § 12.425(b).  Even so, "statutes enhancing punishment ranges for the primary offense do 'not increase the severity level or grade of the primary offense.'"  *Bledsoe v. State*, 480 S.W.3d 638, 642 n.11 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011)).  As a result, although the State's punishment enhancement allegations elevated Gordon's range of punishment, the degree of offense remained the same.

4

We, therefore, modify the trial court's judgment to reflect that Gordon was convicted of a state jail felony.

## IV.   We Delete the Order to Pay Restitution

In reviewing the record, we observed that the trial court ordered restitution in the possession of a controlled substance case without authority or a factual basis in the record.

Due process requires a factual basis in the record for a restitution amount. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). A trial court may order a defendant to reimburse a law enforcement agency for laboratory costs associated with a narcotics seizure, but only as a condition of community supervision. TEX. CODE CRIM. PROC. ANN. art. 42A.301(b)(18) (Supp.); *Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.).

Here, the trial court ordered Gordon to make restitution to the DPS in an undetermined amount. Because we find no factual basis in the record for this restitution amount and because the trial court lacked authority to order the restitution, we delete the order to pay restitution.[3]

## V.   We Modify the Bill of Costs by Deleting Other Unauthorized Fees

Next, the clerk's bill of costs contains a $435.88 fee for an appointed investigator.[4] "[T]he cost of the court-appointed investigator is a cost of provision of [an] appellant's [c]onstitutionally mandated defense." *Martin v. State*, 405 S.W.3d 944, 948 (Tex. App.—Texarkana 2013, no pet.). "Like the fees of a court-appointed expert or attorney, an appointed investigator is 'a basic tool' an indigent defendant can use to present a defense." *Id.* "Therefore, in the absence of a legislative

---

[3]Restitution is not listed as an item in the clerk's bill of costs.

[4]This fee was originally listed in the clerk's record as "Reimbursement to County/extra expen[se]."

mandate, an investigator's cost may not be assessed against a defendant unless the trial court finds that the defendant has sufficient financial resources." *Id.* Because there is insufficient evidence that Gordon had financial resources to offset the costs associated with a court-appointed legal investigator, we modify the clerk's bill of costs by deleting the $435.88 assessment.

The bill of costs also contains a "video" fee that is not, under the facts of this case, authorized by statute. While Article 102.018 of the Texas Code of Criminal Procedure provides for the imposition of costs in the amount of $15.00 against a defendant convicted under Section 49.04 of the Texas Penal Code if, subsequent to the arrest, a law enforcement agency visually recorded the defendant with an electronic device, Gordon was not convicted under Section 49.04. Therefore, we delete the $15.00 video fee from the bill of costs.

## VI.    Conclusion

In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. We modify the trial court's judgment by deleting the order to pay attorney fees and restitution, to reflect that the amount of attorney fees and restitution owed is "$0.00," and to reflect that Gordon was convicted of a state jail felony. We also modify the clerk's bill of costs by deleting the assessment of attorney fees, court-appointed investigator fees, and

video fees and to reflect that the amount of attorney fees, investigator fees, and video fees is "$0.00." As modified, we affirm the judgment of the trial court.[5]

Scott E. Stevens
Justice

Date Submitted:     April 20, 2020
Date Decided:       April 21, 2020

Do Not Publish

---

[5]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.