

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00138-CR

JAMIE LEE BLEDSOE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 12-0374X

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

O P I N I O N

After a trial at which Jamie Lee Bledsoe represented himself with the assistance of standby counsel,[1] Bledsoe was convicted of burglary of a building,[2] this being enhanced by two prior felony convictions.[3] Bledsoe was then sentenced to twenty years' confinement. Bledsoe contends that the punishment assessed exceeds the range authorized by statute. Because we agree with Bledsoe, we reverse the trial court's judgment on punishment and remand the case to the trial court for a new punishment hearing.[4]

The State alleged two prior felony convictions to enhance Bledsoe's punishment range, and Bledsoe pled "not true" to each of those convictions alleged by the State sought for enhancement purposes. The State thereafter introduced a judgment of conviction for burglary of a building, a state jail felony,[5] and a judgment of conviction for possession of a controlled substance, a second degree felony. The jury found each enhancement allegation to be "true."

---

[1]Standby counsel conducted voir dire and periodically thereafter assisted Bledsoe.

[2]Burglary of a building is, ordinarily, a state jail felony. *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(1) (West 2011).

[3]*See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2014).

[4]Bledsoe's first appointed appellate counsel submitted a brief under *Anders v. California*, 386 U.S. 738 (1967), claiming there were no meritorious issues to raise on appeal. We abated this matter to the trial court for appointment of new counsel.

[5]Although the judgment for the burglary conviction used to enhance Bledsoe's state jail felony indicates that the degree of offense is a second degree felony, the "Offense for which Defendant Convicted" portion of that judgment indicates "Burglary of Building-Enhanced," and the statute for the offense is listed as Section 30.02 of the Texas Penal Code. Despite the increase in the severity of the penalties which result, statutes enhancing punishment ranges for the primary offense do "not increase the severity level or grade of the primary offense." *Ford v. State*, 334 S.W.2d 230, 234 (Tex. Crim. App. 2011); *see also Ex parte Reinke*, 370 S.W.3d 387, 389 (Tex. Crim. App. 2012).

Bledsoe maintains that the prior state jail felony (burglary of a building, enhanced) could not be used to enhance the punishment range of the state jail felony of which he was convicted to that of a second degree felony. Instead, Bledsoe correctly contends that in order to enhance a state jail felony punishable under Section 12.35(a) of the Texas Penal Code, the State must prove that he was previously convicted of two felonies which are not state jail felonies.

Burglary of a building (other than a habitation) is a state jail felony having the usual range of punishment of incarceration for a period of not less than six months but not more than two years. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011); *see also* TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2014). Section 12.425 of the Penal Code does allow for the penalty for such a crime to be increased for repeat or habitual felony offenders on trial for a state jail felony, providing that

> [i]f it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies *other than a state jail felony punishable under Section 12.35(a)*, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2014) (emphasis added). Prior to the 2011 enactment of Section 12.425(b) of the Texas Penal Code, former Section 12.42(a)(2) provided that

> [i]f it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.

3

Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 1, sec. 12.42(a)(2), 1995 Tex. Gen. Laws 2734, 2734–35 (amended 2011) (current version at TEX. PENAL CODE ANN. § 12.425(b)).[6] Because the previous statute did not differentiate between state jail felonies and felonies, there was initially some degree of confusion regarding the issue of whether state jail felonies were proper enhancement fodder under this section. That confusion was dispelled in *Campbell v. State*, 49 S.W.3d 874 (Tex. Crim. App. 2001), in which the court having the ultimate precedential power over criminal jurisprudence in Texas held that the terms "felony" and "state jail felony," as used in Section 12.42(a), "are mutually exclusive." That court stated that the statute "does not impose an increased punishment for offenders who have two previous convictions in the form of both a single prior state jail felony and a single prior non-state jail felony." *Id*. at 878.

The language of Section 12.425(b) mirrors the language of former Section 12.42(a)(2), with one exception—the Legislature specifically included the parenthetical phrase "other than a state jail felony punishable under Section 12.35(a)." TEX. PENAL CODE ANN. § 12.425(b). With that insertion, the Legislature made it abundantly clear that state jail felonies cannot be used to enhance a state jail felony punishable under Section 12.35(a). More recently, the Texas' high criminal court issued its opinion in *Samaripas v. State*, 454 S.W.3d 1 (Tex. Crim. App. 2014). There, the court held that under former Section 12.42 subsections (d) and (e) of the Penal Code,[7]

---

[6]*See* Act of May 25, 2011, 82d Leg., R.S., ch. 834, § 5, sec. 12.425(b), 2011 Tex. Gen. Laws 2104, 2105 (adding Section 12.425); *see also* Act of May 25, 2011, 82d Leg., R.S., ch. 834, § 5, sec. 12.42, 2011 Tex. Gen. Laws 2104, 2104 (amending Section 12.42 by deleting language substantially similar to language added by Section 12.425).

[7]*See* Act of May 25, 2011, 82d Leg., R.S., ch. 834, §§ 4, 6, sec. 12.42(d), (e), 2011 Tex. Gen. Laws 2104, 2105 (amending Section 12.42(d) and repealing Section 12.42(e)).

a "non-aggravated state-jail felony conviction that was punished as a second degree felony was properly used for subsequent habitual-criminal punishment enhancement." In so holding, the court recognized,

> Effective September 1, 2011, Section 12.42(e) was repealed and the following language was added to subsection (d): "A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection." Under this language, *a state-jail felony*, *even if it has been enhanced*, *cannot be used to enhance a subsequent felony offense*. The distinction between the former "punished under Section 12.35(a)" language and the current "punishable under Section 12.35(a)" is significant here because Appellant was not punished under Section 12.35(a) but his prior offense was *punishable* under that section. Had he committed the current offense after this amendment, it would not have been proper for his prior state-jail felony to be used for enhancement.

*Samaripas*, 454 S.W.3d at 8 n.5. Here, the State recognizes that identical statutory language ("punishable under Section 12.35(a)") is used in Section 12.425(b) and, consequently, concedes that although Bledsoe's prior state jail felony conviction was punished as a second degree felony, it was nevertheless "punishable" under Section 12.35(a).

Because this assessment is correct, we hold that Bledsoe's conviction was improperly enhanced. The resulting twenty-year sentence assessed to him exceeded the maximum punishment of two years' imprisonment for an unenhanced state jail felony. *See* TEX. PENAL CODE ANN. § 12.35(a). "A sentence that is outside the maximum . . . range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). "When an appellate court finds error at the punishment stage of the trial, the case may be remanded to the trial court for the proper assessment of punishment." *Ex parte Rich*, 194 S.W.3d 508, 514 (Tex.

Crim. App. 2006) (citing *Levy v. State*, 818 S.W.2d 801, 803 (Tex. Crim. App. 1991)). Indeed,

Bledsoe requests that we remand this case to the trial court for sentencing as a state jail felony.

Although the State concludes that under *Jordan v. State*, 256 S.W.3d 286 (Tex. Crim. App. 2008),[8] entitlement to a new punishment hearing is not predicated on a showing of harm when an improper enhancement allegation is found to be error, it nevertheless claims that in this case, based on the reasoning of *Ex parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013), Bledsoe was not harmed by the illegal sentence. In *Parrott*, the Court of Criminal Appeals concluded that an applicant must prove harm in order to obtain relief in a writ of habeas corpus proceeding premised on an illegal sentence. *Id.* at 534. Because *Parrott* was a proceeding seeking habeas corpus relief, it is not applicable to this direct appeal.[9] *Parrott* recognized that *Jordan* and other cases involving direct appeals holding that sufficiency of the evidence error is not subject to a harm analysis[10] are inherently distinct from habeas corpus proceedings.

> First, on direct appeal, neither party has the burden to prove harm, but in habeas proceedings, a defendant has the burden to demonstrate harm. *See Ovalle v. State*, 13 S.W.3d 774, 787 (Tex. Crim. App. 2000). Second, habeas is an extraordinary remedy premised on equity and not on error correction as is the focus of direct appeal. *See Blanton v. State*, 369 S.W.3d 894, 903 (Tex. Crim. App. 2012). Third, in determining whether relief is warranted in habeas proceedings, the court reviews

---

[8]In *Jordan*, the Court of Criminal Appeals held that the State's failure to meet its evidentiary burden with respect to habitual offender enhancement is not subject to a harm analysis. *Jordan*, 256 S.W.3d at 291–92 (reasoning that it is not possible to quantify impact of incorrectly enhanced sentencing range on normative sentencing function of judge or jury).

[9]In *Parrott*, the petitioner failed to show harm because the actual criminal history supported the punishment assessed. *Parrott*, 396 S.W.3d at 537–38.

[10]*See, e.g.*, *Fletcher v. State*, 214 S.W.3d 5, 8–9 (Tex. Crim. App. 2007); *Russell v. State*, 790 S.W.2d 655, 656 (Tex. Crim. App. 1990) (en banc); *Scott v. State*, 553 S.W.2d 361, 364 (Tex. Crim. App. 1977).

not only evidence contained in the appellate record, but also evidence beyond that record. *See Rouse v. State*, 300 S.W.3d 754, 762 n.17 (Tex. Crim. App. 2009).

*Id.* at 534 n.6.

Even so, the State contends that because it proved up other felony convictions at Bledsoe's punishment hearing that would support enhancement of the punishment range to that of a second degree felony, this Court should conduct a harm analysis. Here, the State introduced at least one additional judgment of conviction during the punishment hearing that shows Bledsoe committed a second non-state jail felony. The State claims that it could have properly enhanced the punishment range to that of a second degree felony by use of this other non-state jail felony. Notably, Bledsoe raised the issue of the improper enhancement at trial. Even so, the State made no attempt to amend the enhancement paragraphs to allege what it now claims would have been proper enhancements allegations.

Whether the State could have alleged proper enhancements to increase the punishment range to that of a second degree felony is not at issue here because it failed to even attempt to do so. Moreover, the issue of whether the error could survive habeas corpus review is not relevant to our decision in this direct appeal. The issue the State raises is one of whether this Court should undertake a harm analysis in this direct appeal. The Court of Criminal Appeals has explicitly held that a harm analysis is not appropriate in this circumstance. *Jordan*, 256 S.W.3d at 291, 293.

Consequently, we affirm the judgment of conviction, as modified,[11] reverse the portion of the judgment assessing punishment, and remand to the trial court for a new punishment hearing. *See id.* at 293; *see also Mikel v. State*, 167 S.W.3d 556, 560 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (reversing portion of judgment assessing punishment and remanding for new punishment hearing where record affirmatively reflected that offense in second enhancement paragraph did not occur before offense in first enhancement paragraph was final).

Bailey C. Moseley
Justice

Date Submitted:    November 2, 2015
Date Decided:      November 3, 2015

Publish

---

[11]The judgment of conviction lists the degree of offense as that of a "2nd Degree Felony." Because statutes enhancing punishment ranges for the primary offense do "not increase the severity level or grade of the primary offense," *Ford*, 334 S.W.3d at 234, this is incorrect. The proper degree of offense proved by the State was a state jail felony. The Texas Rules of Appellate Procedure give this Court authority to modify judgments and correct typographical errors to make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Land v. State*, 291 S.W.3d 23, 31 (Tex. App.—Texarkana 2009, pet. ref'd) (modifying judgment to reflect correct degree of offense). We, therefore, modify the judgment to reflect the correct degree of the offense as a state jail felony.

8