

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00065-CR

SHEILA ARDRY JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 2nd District Court
Cherokee County, Texas
Trial Court No. 20628

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Sheila Ardry Jones and Linda Pool Benson had been, by all accounts, close friends. Benson, who was in poor health, depended on Jones, paying her to run errands, clean her home, and pay her bills. Benson trusted Jones enough to have her make deposits into her bank account and even gave Jones the key to her Cherokee County[1] residence after Benson broke her foot and moved in temporarily with her daughter. When Benson returned home, however, she noticed that at least thirty-five pieces of her "good jewelry" were missing. Benson called the police. While Jones testified that Benson gave her permission to sell the jewelry, Benson testified several times that no one had consent to take her jewelry.

The jury convicted Jones of theft of jewelry valued at $2,500.00 or more, but less than $30,000.00, from an elderly individual, a third-degree felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A), (f)(3)(A). After the trial court found the State's punishment enhancement allegations true in a bench trial on punishment, Jones was sentenced to ten years' confinement and ordered to pay $1,390.00 in restitution and $3,000.00 in attorney fees for her court-appointed counsel. On appeal, Jones urges three points of error, arguing that the evidence is legally insufficient to show that her appropriation of the jewelry was unlawful, that the evidence was also legally insufficient to show that the jewelry's value was $2,500.00 or more, and that the State's closing argument improperly shifted the burden of proof.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

We find that (1) legally sufficient evidence supports Jones' conviction and (2) Jones failed to preserve her appellate point regarding jury argument. We modify the judgment and affirm it as modified, because attorney fees were improperly assessed against Jones and the judgment lists an incorrect degree of offense.

*(1)      Legally Sufficient Evidence Supports Jones' Conviction*

In evaluating legal sufficiency of the evidence, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

3

"A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a). "Appropriate" means "to acquire or otherwise exercise control over property other than real property," and is unlawful if "it is without the owner's effective consent." TEX. PENAL CODE ANN. §§ 31.01(4)(B), 31.03(b)(1). The offense also requires an "intent to deprive at the time of the taking." *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. [Panel Op.] 1981). As defined by the Texas Penal Code, "deprive" means "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner" or "to dispose of property in a manner that makes recovery of the property by the owner unlikely." TEX. PENAL CODE ANN. § 31.01(2)(A), (C). The offense is a state jail felony if the value of the property is $2,500.00 or more, but less than $30,000.00, and becomes a third-degree felony if the victim is an elderly individual. TEX. PENAL CODE ANN. § 31.03(e)(4)(A), (f)(3)(A).

A deputy with the Cherokee County Sheriff's Office (CCSO) testified that there were no signs of forced entry into the home. Joey Ray, an investigator with CCSO, discovered that Jones had visited several pawnshops after the theft. Ray contacted the pawnshops and placed a "law enforcement hold" on the jewelry Jones had pawned or sold.

Aaron Lee, manager of Cash America Pawn in Gladewater, Texas, testified that he provided the CCSO with surveillance footage from the store and purchase agreements showing that Jones sold or pawned several pieces of Benson's jewelry. Documentation from other pawnshops showed Jones had pawned or sold two other recovered pieces of jewelry belonging to

4

Benson. In total, the CCSO recovered only six of the thirty-five pieces of jewelry taken from Benson.

At her trial, Jones testified that she had cared for Benson and stated Benson wanted her to sell the jewelry because she was struggling financially. Jones produced evidence of two deposits she had made into Benson's bank account totaling $700.00. On appeal, Jones admits that she appropriated jewelry from Benson, who was seventy-four at the time of the offense, but argues it was not unlawful because Benson allowed her to acquire the jewelry for the purpose of selling it.

"Appropriation of property is unlawful if . . . it is without the owner's effective consent." TEX. PENAL CODE ANN. § 31.03(b)(1). Benson testified several times that the jewelry was taken without her consent. Even though Jones claimed she had permission to take the jewelry, the jury was free to reject her self-serving testimony. We find that Benson's testimony alone was legally sufficient to show that the appropriation was unlawful.

But Jones also argues that the evidence was legally insufficient to establish the value of the property. In determining the category of theft, property is valued at "(1) the fair market value of the property or service at the time and place of the offense; or (2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft." TEX. PENAL CODE ANN. § 31.08(a). Fair market value means the amount of money that "the property would sell for in cash" if the owner was given a reasonable amount of time to sell it. *Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991); *see Valdez v. State*, 116 S.W.3d 94, 98 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

5

Methods of proving value include admitting the testimony of an owner's opinion of the value of the property, admitting expert testimony from a non-owner, or admitting evidence of the retail price or sale price. *See Keeton*, 803 S.W.2d at 305; *Ray v. State*, 106 S.W.3d 299, 301 (Tex. App.—Houston [1st Dist.] 2003, no pet.). "When the owner of the property is testifying as to the value of the property, he may testify as to his opinion or estimate of the value of the property in general and commonly understood terms." *Ray*, 106 S.W.3d at 301; *see Holz v. State*, 320 S.W.3d 344, 351 (Tex. Crim. App. 2010). To rebut an owner's opinion regarding the value of the stolen property, the defendant "must offer controverting evidence as to the value of the property." *Sullivan v. State*, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986).

Benson testified that Jones stole thirty-five pieces of jewelry. Only six items, including a "tennis bracelet with gold and diamonds," four rings, and a pendant, were recovered by the CCSO. According to Benson, "[a]ll of the 14-karat gold, all of the 18-karat gold, [and] all of the sterling silver" jewelry was stolen. Benson, who testified that she used to have her jewelry appraised, estimated its value at $60,000.00. Benson clarified that she had not appraised the jewelry in the five years before it was stolen.

Testimony from pawnshop owners showed that price tags on the recovered jewelry depicted the value assigned to each item at the pawn stores. These prices, and Ray's testimony, established that the fair market value of just the recovered jewelry was over $2,500.00. Jones testified that she deposited $700.00 into Benson's bank account from the sale of jewelry, gave Benson an undisclosed amount of cash from additional sales, and returned the remaining jewelry. Aside from this, Jones did not offer controverting evidence of fair market value.

6

Viewing the evidence in the light most favorable to the jury's verdict, we find the evidence legally sufficient to establish both that the appropriation was unlawful and that the fair market value of the stolen jewelry was $2,500.00 or more.

*(2)*      *Jones Failed to Preserve Her Appellate Point Regarding Jury Argument*

Jones also argues that the State improperly shifted the burden of proof during closing argument when it questioned why Jones only produced two documents to "show she's innocent" and was unable to produce documentation of the whereabouts of the unrecovered jewelry.

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2). "This Court has previously explained that '[i]n order to preserve any error from improper jury argument, a party must object to the argument and pursue the objection until the trial court rules adversely.'" *Ayers v. State*, 483 S.W.3d 230, 233 (Tex. App.—Texarkana 2016, pet. ref'd) (quoting *George v. State*, 117 S.W.3d 285, 289 (Tex. App.—Texarkana 2003, pet. ref'd) (citing *Valencia v. State*, 946 S.W.2d 81, 81 (Tex. Crim. App. 1997); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996))). Because Jones did not object to the State's closing argument, she has failed to preserve this point of error. It is overruled.

7

*(3)    The Judgment Must Be Modified to Strike the Assessment of Attorney Fees and Recite the Correct Degree of Offense*

Though we have overruled Jones' points of error, we find, sua sponte, that the trial court's judgment requires modification. We have the authority to modify the judgment to make the record speak the truth, even if a party does not raise the issue. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356; *see French*, 830 S.W.2d at 609.

Because the trial court found Jones indigent, she was presumed to remain indigent absent proof of a material change in her circumstances. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd). Yet, the trial court, which also found Jones indigent after trial, assessed $3,000.00 in attorney fees against her.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App.

8

2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Since there is no finding of the ability of Jones to pay them, the assessment of the attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

"Appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is non reversible error.'" *Walker*, 557 S.W.3d at 690 (quoting *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) ("comprehensively discussing appellate cases that have modified judgments")). We modify the trial court's judgment by deleting the assessment of $3,000.00 for attorney fees.

We also correct the judgment's recitation of the degree of offense. Theft of property valued at $2,500.00 or more, but less than $30,000.00, is a state jail felony. TEX. PENAL CODE ANN. § 31.03(e)(4)(A). This offense "is increased to the next higher category of offense if it is shown . . . that . . . the owner of the property appropriated was at the time of the offense . . . an elderly individual." TEX. PENAL CODE ANN. § 31.03(f)(3)(A). Accordingly, Jones' offense was a third-degree felony. As a result of the State's punishment enhancement allegations, Jones' third-degree felony became punishable as a second-degree felony, while remaining a third-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a). "[S]tatutes enhancing punishment ranges for the primary offense do 'not increase the severity level or grade of the primary offense.'" *Bledsoe v. State*, 480 S.W.3d 638, 642 n.11 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Ford v. State*, 334 S.W.3d

9

230, 234 (Tex. Crim. App. 2011)).   Therefore, although the State's punishment enhancement allegations elevated her range of punishment, the degree of offense remained the same.

We modify the trial court's judgment by deleting the assessment of attorney fees and to reflect that Jones was convicted of a third-degree felony.  As so modified, the trial court's judgment is affirmed.


Josh R. Morriss, III
Chief Justice

Date Submitted:      October 24, 2019
Date Decided:        November 1, 2019

Do Not Publish