

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00229-CR

MARK DEWAYNE MITCHELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 294th District Court
Van Zandt County, Texas
Trial Court No. CR17-00160

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Following a bench trial, Mark Dewayne Mitchell was convicted of driving while intoxicated, third or more, and was sentenced to fifteen years' imprisonment after pleading true to the State's punishment enhancement allegation.[1]  Mitchell appeals.[2]

Mitchell's attorney on appeal has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised.  The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial proceedings.  Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable appellate grounds to be advanced.  *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On February 6, 2020, counsel mailed to Mitchell copies of the brief, the appellate record, and the motion to withdraw.  Mitchell was informed of his right to review the record and file a pro se response, was instructed by counsel that he would have thirty days to file a pro se response, and was told he could request an extension of time in which to do so.  On April 1, this Court informed Mitchell that the case would be set for submission on the briefs on April 22.  We received neither

---

[1]*See* TEX. PENAL CODE ANN. § 12.42(a), § 49.09(b) (Supp.).

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.  We follow the precedent of the Twelfth Court of Appeals in deciding this case.  *See* TEX. R. APP. P. 41.3.

a pro se response from Mitchell nor a motion requesting an extension of time in which to file such a response.

We have independently reviewed the entire appellate record and, like counsel, have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Even so, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

Here, the trial court's judgment incorrectly shows that Mitchell pled guilty to the offense and true to two punishment enhancement allegations and that "COURT ASSESSED PUNISHMENT AT 15 YEARS" was a "Term[] of [a] Plea Bargain." A review of the reporter's record reveals that Mitchell pled not guilty to the offense, pled true to the only punishment enhancement alleged by the State, and did not have a plea bargain agreement with the State. Also, the judgment mistakenly recites that Mitchell was convicted of a second-degree felony instead of a third-degree felony.[3] As a result, we must modify the trial court's judgment.

We modify the judgment of the trial court (1) to reflect that Mitchell pled "not guilty" to the offense, (2) by deleting any reference to a second punishment enhancement allegation, (3) by deleting the section of the judgment labelled "Terms of Plea Bargain," and (4) by reflecting that

---

[3]Mitchell's DWI was a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.09(b). "[S]tatutes enhancing punishment ranges for the primary offense do 'not increase the severity level or grade of the primary offense.'" *Bledsoe v. State*, 480 S.W.3d 638, 642 n.11 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011)). Therefore, although the State's punishment enhancement allegations elevated the range of punishment, the degree of offense remained the same.

Mitchell was convicted of a third-degree felony. As modified, we affirm the trial court's judgment.[4]



                                        Scott E. Stevens
                                        Justice


Date Submitted:     April 22, 2020
Date Decided:       April 30, 2020

Do Not Publish

---

[4]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.