

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00074-CR
_____

VONDERRICK ALLEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 19F0184-102

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Vonderrick Allen pled guilty to possession of less than one gram of methamphetamine and admitted that the State's punishment enhancement allegations against him were true.[1] Pursuant to a plea agreement, Allen was placed on deferred adjudication community supervision for a period of ten years. The State later moved to revoke Allen's community supervision and to proceed to an adjudication of his guilt on allegations that he again possessed drugs and evaded arrest. After an evidentiary hearing, the trial court found the State's allegations true, adjudicated Allen's guilt, sentenced him to twenty years' incarceration, and ordered him to pay a $1,000.00 fine. Allen appeals.[2]

Allen's attorney has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]The State's indictment was against "Vonderrick Allen a/k/a Vonderick Allen."

[2]In our companion cause number 06-20-00072-CR, Allen also appeals from another conviction of possession of less than one gram of methamphetamine.

On September 7, 2020, counsel mailed to Allen copies of the brief and the motion to withdraw and represented that he was mailing a complete paper copy of the appellate record by separate parcel. Allen was informed of his rights to review the record and file a pro se response. By letter dated September 8, 2020, this Court informed Allen that any motion for pro se access to the appellate record was due on or before October 8. Allen was also informed that his pro se brief was due on or before December 4 and that the case would be set for submission on the briefs on December 30. We received neither a pro se response from Allen nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, we find non-reversible errors described below.

The trial court did not pronounce a fine during sentencing, but a $1,000.00 fine was included in the trial court's judgment. The judgment also mistakenly states that Allen's offense is a second-degree felony, instead of a state-jail felony, and reflects that the trial court's sentence was the result of a plea bargain during the adjudication. Also, the judgment and bill of costs contain the assessment of duplicative court costs. In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

First, we must modify the trial court's judgment by deleting the $1,000.00 fine. Because fines are punitive and intended to be a part of the defendant's sentence, they "generally must be

3

orally pronounced in the defendant's presence." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (citing TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004)). When there is a conflict between the oral pronouncement of sentence in open court and the written judgment, the oral pronouncement controls. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (citing *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003)).

Second, possession of less than one gram of methamphetamine is a state-jail felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). Due to the State's punishment enhancement allegations, Allen's state-jail felony became punishable as a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.425(b). Even so, "statutes enhancing punishment ranges for the primary offense do 'not increase the severity level or grade of the primary offense.'" *Bledsoe*, 480 S.W.3d at 642 n.11 (quoting *Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011)). As a result, although the State's punishment enhancement allegations elevated Allen's range of punishment, the degree of offense remained the same. We, therefore, modify the trial court's judgment to reflect that Allen was convicted of a state-jail felony.

Third, under a section labeled "Terms of Plea Bargain," the judgment states, "TWENTY (20) YEARS TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION; TO RUN CONCURRENTLY WITH 18F0917-102." Allen's twenty-year sentence was not the result of a plea bargain agreement. Therefore, we delete this language from the "Terms of Plea Bargain" section and place it instead under the section of the judgment labeled "Punishment and Place of Confinement."

4

Fourth, Article 102.073 of the Texas Code of Criminal Procedure states, "In a single criminal action in which a defendant is convicted of two or more offenses . . . , the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). Here, Allen was assessed court costs in companion cause number 06-20-00072-CR as a result of a single criminal action. Therefore, duplicative court costs of $294.00 must be deleted from the judgment and bill of costs in this cause.

We modify the trial court's judgment by deleting the $1,000.00 fine, by modifying it to reflect that Allen's offense is a state-jail felony, not a second-degree felony, and by removing the language stating, "TWENTY (20) YEARS TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION; TO RUN CONCURRENTLY WITH 18F0917-102" from the "Terms of Plea Bargain" section and placing it under the "Punishment and Place of Confinement" section. We further modify the trial court's judgment and the bill of costs by deleting the duplicative court costs and to reflect that the amount of court costs owed is $0.00.

As modified, we affirm the judgment of the trial court.[3]


Scott E. Stevens
Justice

Date Submitted:     December 30, 2020
Date Decided:       January 7, 2021

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.