**Opinion issued June 15, 2021**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00241-CR

_____

**KENT RUSHING, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 209th District Court
Harris County, Texas
Trial Court Case No. 1617869

## MEMORANDUM OPINION

Kent Rushing was convicted of burglary with intent to commit theft, which is a state jail felony with a punishment range of no more than 2 years' confinement in a state jail. *See* TEX. PENAL CODE § 12.35(a) (state jail felony punishment range). The State elected to seek a lengthier period of confinement, relying on a habitual-

offender enhancement statute and evidence that Rushing had two prior burglary convictions. *See id.* § 12.425(b). The trial court authorized a sentence range between 2 and 20 years of confinement. The jury chose a 20-year sentence.

On appeal, Rushing contends the trial court erred in extending the punishment range because the two prior convictions the State relied on were state jail felonies while the enhancement statute requires that they be, at a minimum, third-degree felonies. *Id.* (also requiring that the two convictions meet certain sequencing requirements).

The State now concedes that the two prior convictions only permitted a sentence of up to 10 years, instead of the 20 years the jury was permitted to select. *Compare* TEX. PENAL CODE § 12.425(a) (sentence range of 2 to 10 years on evidence of two prior state jail felonies), *with id.* § 12.425(b) (sentence range of 2 to 20 years on evidence of two prior felonies that were third-degree or higher and sequential). But the State argues that the error was harmless.

The State relies on an agreed stipulation in the record through which Rushing admitted to several other convictions. The State argues that a review of those convictions indicates that two of them were third-degree felonies that would support the identical enhanced punishment range used. In other words, if we reversed for a new punishment trial, the next jury would be permitted to impose the same 20-year

2

sentence this jury imposed; the only difference being the convictions listed in the enhancement paragraphs. On those facts, the State argues, this error was harmless.

Rushing contends this type of error is not subject to a harmlessness review and must result in a reversal for a new punishment hearing. Because we agree that the Texas Court of Criminal Appeals has held that improper sentence enhancement is not subject to harmless-error review, we reverse and remand for a new punishment hearing.

**Background**

Christie's Steak and Seafood House was burglarized in January 2019. Officer M. Garcia with the Houston Police Department testified that he and his partner were the first officers to respond to the service call. Garcia saw Kent Rushing leave the restaurant. Garcia stayed at the restaurant to look for additional suspects while other officers chased and arrested Rushing. Rushing was the only person arrested.

Rushing was charged with burglary with intent to commit theft, which is a state jail felony that typically would have a punishment range between 6 months and 2 years in a state jail. TEX. PENAL CODE § 12.35(a). But the State requested a lengthier punishment range based on Rushing's prior convictions.

Through an agreed stipulation, Rushing admitted that he had ten prior convictions for various offenses, listing each offense by its cause number, degree of offense, court of conviction, date of sentence, and length of sentence imposed. The

3

sentences for the ten convictions were between 6 months and 12 years of confinement each.

The State relied on two of these convictions to enhance Rushing's punishment range. Specifically, it relied on a 2010 conviction for the state jail felony offense of burglary of a building with a 10-year sentence that was imposed on March 29, 2010, and a 2013 conviction for the state jail felony offense of burglary of a building with a 5-year sentence that was imposed on September 26, 2013.

Rushing pled true to both enhancements. The jury was instructed that the two enhancements expanded the punishment range for the Christie's burglary to up to 20 years. The jury sentenced him to the 20-year maximum. Rushing appeals his sentence.

## Whether Error is Automatically Reversible or Subject to a Harmlessness Evaluation

In a single issue, Rushing contends the trial court erred when it authorized an enhanced punishment range of up to 20 years based on the 2010 and 2013 state jail felonies the State chose.[1] The State concedes the error but argues that it is harmless.

---

[1] Both of these state jail felonies had punishments imposed that were beyond the typical state jail felony range of 6 months to 2 years provided for in Section 12.35(a) of the Penal Code. This is because their punishment ranges had been enhanced by even earlier convictions. Nonetheless, under the statute, they remain classified as state jail felonies for the habitual-offender statute's purposes. *See Bledsoe v. State*, 480 S.W.3d 638, 641 (Tex. App.—Texarkana 2015, pet. ref'd) (an offense remains a state jail felony "punishable under Section 12.35(a)" even if it is actually punished under a habitual-offender enhancement statute (discussing *Samaripas v. State*, 454 S.W.3d 1, 7–8 (Tex. Crim. App. 2015))).

According to the State, only structural error is immune from a harmless-error evaluation, this type of error is not categorized as structural error, and the record supports a conclusion that it is harmless. *See, e.g.*, *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991) (structural error is error of constitutional magnitude that "affect[s] the framework within which a trial proceeds rather than simply an error in the trial process itself"); *Jordan v. State*, 256 S.W.3d 286 (Tex. Crim. App. 2008).

Both parties trace the history of Texas caselaw on improper enhancement to argue that this type of error is—or is not—subject to a harmless-error analysis. The parties are basically in agreement on the state of the law through 2008, when the Court of Criminal Appeals decided *Jordan*. There, the appellant argued that the evidence was legally insufficient to support application of an enhancement paragraph to expand the sentencing range because the State had not established that his second enhancement offense occurred after his conviction for the first enhancement offense. *Jordan*, 256 S.W.3d at 289 (applying Section 12.42(d) of the Penal Code, which is the habitual felony-offender statute that applies on a trial of a third-degree felony offense or higher). The Fort Worth Court of Appeals agreed and reversed without conducting a harm analysis. *Id.* at 288.

The State petitioned the Court of Criminal Appeals to review whether the court of appeals erred in refusing to conduct a harm analysis given that the error was not structural error. *Id.* at 289. The Court of Criminal Appeals rejected the State's

5

argument that all non-structural error must be subjected to a harm analysis and affirmed the judgment of the court of appeals. *Id.* at 293.[2]

Both parties also agree that this Court and other intermediate appellate courts have since applied *Jordan* to hold that insufficient evidence to support an enhancement requires a new punishment hearing without conducting a harm analysis. *See, e.g.*, *Diaz v. State*, No. 01-14-00387-CR, 2015 WL 3799463, at *4 (Tex. App.—Houston [1st Dist.] June 18, 2015, pet. ref'd).

In *Diaz*, the State argued that applying *Jordan* to prevent a harm analysis would waste judicial resources because the criminal defendant had other felony convictions that could be used for enhancement on retrial, similar to the argument the State makes in this appeal. *Id.* at *3. We held that *Jordan* was binding precedent and the error was not subject to a harm analysis. *Id.* at *4 (noting that "whether the State *could* have properly alleged habitual offender enhancement, it is undisputed that it *did not* actually do so." (emphasis added)).

The Texarkana Court of Appeals held likewise in *Bledsoe v. State*, 480 S.W.3d 638, 642 (Tex. App.—Texarkana 2015, pet. ref'd). There, the State improperly relied on a state jail felony to enhance the defendant's punishment range. *Id.* at 641. The

---

[2] Presiding Judge Keller dissented, taking the position that the only error that is immune from a harmlessness evaluation is structural error. *Id.* at 294–95 (citing *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997)). That position remains the minority position.

State argued on appeal that a harmless-error analysis was appropriate and that there was evidence of another conviction that it could have relied on for enhancement, making the error harmless. *Id.* at 642. The appellate court held that the issue was not whether the State could have properly enhanced the punishment range but, instead, whether it did. *Id.* Because it did not, under *Jordan*, the punishment was subject to reversal without a harm analysis. *Id.* We note that the Court of Criminal Appeals refused the State's petitions for review in both *Diaz* and *Bledsoe*.

The precedent thus far supports a reversal without a harm analysis. But the State argues that a more recent decision from the Court of Criminal Appeals casts doubt on whether *Jordan* still forecloses a harm analysis. It points to *Lake v. State*, 532 S.W.3d 408 (Tex. Crim. App. 2017). There, the Court of Criminal Appeals addressed whether denying defense counsel the opportunity to make a closing argument at a community-supervision revocation proceeding is structural error. *Id.* at 410. It held that, because the United States Supreme Court has not labeled that type of error as structural error, it is not structural error. *Id.* at 416. The Court remanded for a harm analysis, noting that its holding "is consistent with our policy to *generally* require a harm analysis." *Id.* at 416–18 (emphasis added).

*Lake* is not an appeal of an improper enhancement. It does not analyze—or even cite to—*Jordan*. We fail to see how *Lake* requires a different result than *Jordan* and *Diaz*, which are both binding precedents.

7

The State made this same argument recently to the Waco Court of Appeals, arguing that *Lake* demonstrates that *Jordan* is no longer good law regarding exemption from a harm analysis for improper enhancement. *Guajardo v. State*, No. 10-18-00273-CR, 2020 WL 5939010, at *2 (Tex. App.—Waco Aug. 10, 2020, pet. ref'd) (mem. op., not designated for publication). The Texarkana court acknowledged that the *Lake* opinion offers some support for the argument that a harm analysis is required absent structural error but ultimately held that "the Court of Criminal Appeals' holding in *Jordan* is still binding precedent regarding this issue and as an intermediate court, we are required to follow it." *Id.* The Texas Court of Criminal Appeals has since refused the State's petition for review in *Guajardo*.

Like our prior opinion in *Diaz* and other intermediate appellate courts' opinions in *Bledsoe* and *Guajardo*, we conclude that *Jordan* is binding precedent and, under that authority, conclude that the error here is immune from harmless-error review.

### The State's Alternative Argument for Applying a Harmless-Error Analysis

Beyond its argument that *Jordan* is no longer binding precedent, which we have rejected, the State offers a second argument for concluding that a harmless-error analysis applies. The State distinguishes the factual scenario in *Jordan* and *Diaz* from the facts here. Namely, in *Jordan* and *Diaz*, the enhancement was defective because there was legally insufficient evidence that the second

8

enhancement offense occurred after the conviction for the first enhancement offense had become final. *See Jordan*, 256 S.W.3d at 289; *Diaz*, 2015 WL 3799463, at *3. Here, though, the defect was using nonqualifying convictions as enhancements when, according to the State, the record supports a conclusion that qualifying convictions were and will be available to obtain the same result. According to the State, that this is not a question of evidence sufficiency distinguishes this case from *Jordan* (and *Diaz*) and requires a different result.

Even if we were to accept the State's argument that Rushing's other convictions might supply an appropriate basis for enhancement, we cannot agree that the substitute-offense evidence passes the threshold of legal sufficiency to distinguish this case from *Jordan*. The record does not establish that the replacement second offense occurred only after conviction of the replacement first offense, as required for enhancement. The stipulation of evidence lists the two sentencing dates, but it does not identify the dates of the offenses:

> I am the same KENT RUSHING who was sentenced to 12 years in the Texas Department of Corrections in Cause No. 0589292 for the third degree felony offense of Burglary of a Building in the 180th District Court of Harris County Texas on 03-21-1991.

> I am the same KENT RUSHING who was sentenced to 4 years in the Texas Department of Corrections in Cause No. 0527453 for the third degree felony offense of Burglary of a Building in the 176th District Court of Harris County Texas on 05-10-1989.

For the 20-year-sentence option to be available under the applicable habitual-offender statute, the State must establish that the second offense occurred after the final conviction of the first offense. *Compare* TEX. PENAL CODE § 12.425(b) (sentence range of 2 to 20 years when two prior non-state jail felony offenses are shown to be sequential), *with id.* § 12.425(a) (sentence range of 2 to 10 years when the State proves two prior state jail felony convictions without meeting the sequencing requirement). The conviction information quoted above does not establish the sequence required to permit a 20-year sentence. Thus, the State's argument that this record is free from the insufficiency-of-evidence issues found in *Jordan* and *Diaz* is not accurate.

## Conclusion

Following the *Jordan* precedent and in light of the State's concession of error, we hold that error is established and that the error is not subject to a harmless-error analysis. As such, we reverse and remand for a new punishment hearing.


Sarah Beth Landau
Justice

Panel consists of Justices Kelly, Landau, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).