

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00105-CR
No. 02-20-00106-CR
No. 02-20-00107-CR
No. 02-20-00108-CR
No. 02-20-00109-CR
No. 02-20-00110-CR
No. 02-20-00111-CR
No. 02-20-00112-CR
No. 02-20-00113-CR

_____

DEBRA ELISE TURNER, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court Nos. 1591031D, 1591138D, 1591644D, 1593646D, 1593648D,
1594387D, 1595243D, 1596387D, 1615817D

Before Birdwell, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Debra Elise Turner appeals her convictions for theft and her probation for falsifying information on a title application. *See* Tex. Penal Code Ann. §§ 31.03(e)(4)(A), (D), 31.04(e)(4); Tex. Transp. Code Ann. § 501.155. Turner entered an open plea of guilty to all charges. The trial court deferred adjudication on the falsifying information offense, but it sentenced Turner to two years on the unenhanced theft conviction and ten years on each of the seven enhanced theft convictions.

On appeal, Turner's counsel has filed a motion to withdraw and a brief in which he argues that the appeal is frivolous. Counsel's motion and brief meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel provided Turner with copies of his brief and motion to withdraw, and he informed Turner of her right to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Turner filed a pro se response in which she questioned the legitimacy of the falsifying information charge, the soundness of her trial counsel's strategy, and the thoroughness of the expert who testified on her behalf at sentencing. The State also filed a response in which it noted that many of the judgments contain clerical errors concerning the levels of the offenses.

In the *Anders* context, we must conduct an independent evaluation of the record to determine whether the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Jury v. State*, 472 S.W.3d 880, 880 (Tex. App.—Fort Worth 2015, no pet.) (mem. op.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After carefully reviewing the record, we have determined that seven of the theft judgments incorrectly state that Turner was convicted of a third-degree felony; theft is a state-jail felony when, as here, the value of the property or service stolen is $2,500 or more but less than $30,000. *See* Tex. Penal Code Ann. §§ 31.03(e)(4)(A), 31.04(e)(4). While these offenses are punished as third-degree felonies once they are enhanced to account for Turner's prior state-jail-felony convictions, *see* Tex. Penal Code Ann. § 12.425(a), they remain state-jail felonies for purposes of the judgment, *see Oliva v. State*, 548 S.W.3d 518, 526 (Tex. Crim. App. 2018). This court has authority to reform a judgment and correct typographical errors to make the record speak the truth. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). We therefore modify these judgments to reflect that each of the theft convictions was a state-jail felony.[1] *Bledsoe v. State*, 480 S.W.3d 638, 642 n.11 (Tex. App.—Texarkana 2015, pet. ref'd) (modifying

---

[1] Specifically, we modify the judgments in appellate cause numbers 02-20-00105-CR, 02-20-00106-CR, 02-20-00107-CR, 02-20-00108-CR, 02-20-00110-CR, 02-20-00111-CR, and 02-20-00113-CR.

judgment to reflect the correct level of an offense with a punishment enhancement in an *Anders* case).

Except for these clerical errors, we agree with counsel that this appeal is wholly without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments, seven of them as modified.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 30, 2021