

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00054-CR

ZAFRES LAMONN MCDONALD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 50100-A

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

# MEMORANDUM OPINION

Zafres Lamonn McDonald entered an open plea of guilty to credit card abuse and pled true to the State's habitual-offender punishment-enhancement allegations. *See* TEX. PENAL CODE ANN. § 32.31. After hearing punishment evidence, the trial court sentenced McDonald to sixteen years' imprisonment. McDonald appeals.

In addition to this appeal, in companion cases numbered 06-21-00052-CR, 06-21-00053-CR, and 06-21-00055-CR, McDonald appeals his convictions of two counts of evading arrest or detention with a motor vehicle and unauthorized use of a motor vehicle. McDonald has filed a single brief raising a sole issue common to all his appeals. He argues that the trial court erred by failing to enforce an alleged plea agreement.

We addressed this issue in detail in our opinion of this date on McDonald's appeal in cause number 06-21-00052-CR. For the reasons stated therein, we likewise conclude that the trial court properly concluded that there was no binding plea agreement in this case. As a result, we overrule McDonald's sole point of error on appeal. Even so, we must modify the trial court's judgment to reflect the proper degree of offense and to reflect McDonald's pleas of true to the State's habitual-offender punishment-enhancement allegations.

McDonald's judgment lists the degree of offense as a third-degree felony, but McDonald's charge for credit card abuse was a state jail felony. *See* TEX. PENAL CODE ANN. § 32.31(d). As a result of the State's habitual-offender punishment-enhancement allegations, McDonald's offense was punishable as "a felony of the second degree," and the trial court properly provided McDonald with written second-degree felony admonishments. TEX. PENAL

2

CODE ANN. § 12.425(b) (Supp.). While the enhancement allegations were used to elevate McDonald's punishment range, they did not change the classification of the underlying offense. *See id.*; *Ford v. State*, 334 S.W.3d 230, 234–35 (Tex. Crim. App. 2011); *Bledsoe v. State*, 480 S.W.3d 638, 643 (Tex. App.—Texarkana 2015, pet. ref'd). As a result, the judgment's recitation that McDonald's offense was a third-degree felony is incorrect.

Also, McDonald's plea paperwork shows that he pled true to the State's habitual-offender punishment-enhancement allegations. His pleas of true to those allegations were also made in open court, and the trial court found the allegations true. Yet, in the spaces provided to record McDonald's pleas to, and the trial court's findings on, the first and second enhancement paragraphs, the trial court's judgment mistakenly states "N/A."

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

We modify the trial court's judgment to reflect that McDonald was convicted of a state jail felony. We also modify the trial court's judgment to reflect that McDonald pled true to the

State's first and second enhancement paragraphs and that the trial court found both enhancement allegations true.  As modified, the trial court's judgment is affirmed.


                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:     January 10, 2022
Date Decided:       March 2, 2022

Do Not Publish